UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| WILLIAM R. BROOKS, | ) | CASE NO. 1:09 CV0509 |
| | ) | |
| Petitioner, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Pro se petitioner William R. Brooks filed the above-captioned petition seeking habeas relief pursuant to 28 U.S.C. § 2241. He also filed a Petition Challenging Authority of District Court Judges of the Northern District of Ohio [Dkt.#5] and a Petition to Dismiss for Lack or Jurisdiction [Dkt.# 6] on May 12, 2009. Mr. Brooks maintains he cannot mount a proper defense because the court has failed to "make known the 'character of the court', or which 'article' of the federal constitution a United States District Court is authorized and empowered to operate." (Pet. at 4.) He seeks an order dismissing an indictment filed against him and

immediate release from custody.  For the reasons set forth below, the motions are denied and this petition is dismissed.

*Background*

Mr. Brooks was indicted in this court on March 27, 2008. See United States v. Brooks, No. 1:08cr0141 (N.D. Ohio  Mar. 27, 2008).  A warrant for his arrest was issued and executed on the same date.  After his arraignment, petitioner was held in custody pending a detention hearing.  United States Magistrate Judge Nancy Vecchiarelli ordered petitioner's continued detention on April 3, 2008 pending trial.

After a superceding indictment was issued on February 25, 2009, petitioner filed a "Petition challenging authority of District Court Judges of the Northern District of Ohio" [Dkt.# 71] and a "Petition to dismiss for lack of jurisdiction, want of prosecution" [Dkt. # 74] in his criminal case on March 18, 2009.   Following a hearing before the undersigned on March 24, 2009, all pending motions, including the aforementioned were resolved.

Mr. Brooks appealed the dismissal of his motions to the Sixth Circuit Court of Appeals on March 31, 2009.  Three days later, a Change of Plea hearing was held and petitioner pled guilty to Counts 1 - 17 of the indictment.  At that time a referral was sent to the Probation Department to prepare a presentence report for Mr. Brooks's sentencing on August 25, 2009.

The Sixth Circuit dismissed petitioner's appeal on May 11, 2009.  The court noted that the appeal was dismissed as it may apply to the March 27, 2008 detention order of the Magistrate Judge.  The court further explained that only issues regarding this court's January 14, 2009 ruling were permitted to be raised on appeal.  All remaining issues on appeal were dismissed for lack of jurisdiction.

*28 U.S.C. § 2243*

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, <u>unless it appears from the application that the applicant or person detained is not entitled thereto</u>." 28 U.S.C. § 2243 (emphasis added).

*Dismissal of Indictment*

The grounds upon which Mr. Brooks asserted the right to the writ are, at best, defenses to his criminal prosecution. While it is difficult to discern the nature of his concerns, it is clear he seeks to dismiss the indictment.

At the time he filed this petition, petitioner had not been tried on the indictment for which he was charged. A habeas petition cannot, however, be invoked to raise defenses to a pending federal criminal prosecution the petition must be dismissed. <u>See</u>, e.g., <u>Jones v. Perkins</u>, 245 U.S. 390 (1918); <u>Riggins v. United States</u>, 199 U.S. 547, 548-50 (1905); <u>Ex parte Finn</u>, 16 F.Supp. 1 (E.D.Ky.1936). Moreover, all of the issues raised in the present petition were fully addressed by this court on March 24, 2008 during a hearing before this court. All these facts notwithstanding, Mr. Brooks has already pled guilty to the charges in the indictment, thereby mooting the challenges he raises in his present petition.

*Conclusion*

Based on the foregoing, this matter is dismissed pursuant 28 U.S.C. § 2243. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be

taken in good faith.[1]

       IT IS SO ORDERED.

                                    s/ Kathleen M. O'Malley
                                    KATHLEEN M. O'MALLEY
                                    UNITED STATES DISTRICT JUDGE

DATED: June 30, 2009

---

[1] 28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.